UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

_____

ERISA MOORE,

        Plaintiff,

-against-                                      Case No.: 1:23-cv-00673-PAE-SLC

EXPERIAN and TRANSUNION,                Amended Complaint

        Defendants.

_____

# Amended Complaint

Plaintiff ERISA MOORE as and for her Complaint respectfully alleges as follows:

## I. INTRODUCTION

1. This is a civil action by Plaintiff ERISA MOORE, an individual consumer, seeking actual, statutory and punitive damages, litigation costs against Defendant EXPERIAN INFORMATION SOLUTIONS, INC.("Experian") and TRANSUNION LLC ("TransUnion") for violations of the Fair Credit Reporting Act 15 U.S.C § 1681("FCRA"), Identity Theft 18 U.S.C § 1028, Aggravated Identity Theft 18 U.S.C § 1028A, General Business law § 380-s ("G.B.S") and Mail Fraud 18 U.S.C § 1341.

## II. JURISDICTION AND VENUE

2. The jurisdiction of this court arises under(a) 15 U.S.C § 1681p(b), G.B.S § 380-n and 28 U.S.C § 1331. The venue in this district is proper under 28 U.S.C § 1391.

## III. PARTIES

3. Plaintiff, ERISA MOORE, is a natural person residing in the state of New York. Plaintiff is a "consumer" as defined by the FCRA, 15 U.S.C § 1681a(b) and (c). Plaintiff is Pro Se pursuant to 28 U.S.C § 1654.

4. Upon information and belief, Defendant Experian is an Ohio corporation duly authorized and qualified to do business in the state of New York.

5. Upon information and belief, Defendant TransUnion is an Illinois corporation duly authorized and qualified to do business in the state of New York.

6. Defendants are consumer reporting agencies as defined by the fair credit reporting act, 15 U.S.C § 1681a(f).

## IV. FACTS OF THE COMPLAINT

7. The Plaintiff wanted to obtain a car and was gradually building her credit to provide for their family. In the year 2021 Plaintiff obtained a copy of her consumer report and discovered incomplete, inaccurate, and false information.

8. Plaintiff disputed the accuracy of the debt for Capital One in 2021 and again with Victoria Secret and Amsher Collections in 2023 with the Defendants. Plaintiff's consumer report remained incomplete, inaccurate, and with false information.

9. Plaintiff sued both parties and disputed again through the legal counsel directly with the consumer reporting agency, particularly Experian.

10. Transunion and Experian both took part in Identity theft to conduct an unauthorized investigation. There was no protocol in place to protect Plaintiff's credit file.

11. The Defendants allowed their legal counsel to submit a dispute without the Plaintiffs consent or request and they accepted it. At no point in time did the Defendants seek Plaintiffs participation or permission.

12. False and misleading information/statements were sent to Capital one, Victoria Secret, and Amsher Collections by both Defendants.

13. Transunion received directly Priority mail express with return receipt of a notice of the Plaintiff's dissatisfaction with the unauthorized dispute and other issues on 2/17/2023. No dispute was submitted, and no action was taken for it or against it. Exhibit A

14. Amsher Collections was removed from the Plaintiff's credit file on or around March 2023 by both Defendants.

15. Experian did conduct an authorized dispute on 3/1/2023.

16. Experian received a Letter requesting a description of the procedure for the results of the authorized dispute and an Affidavit of Truth against the unauthorized dispute on March5th through their legal counsel via email. The Plaintiff received no response to the letter and the Affidavit of Truth remains unrebutted. Exhibit B

17. Plaintiff received Dispute results from another unauthorized investigation dated 3/9/2023 from Experian. At no point and time did Plaintiff consent to it or request it. Exhibit C

18. The identity theft committed also involved mail fraud. This is due to the Plaintiff not consenting to the disputes submitted by the Defendants' legal counsel.

19. As a result of the actions and inactions of the Defendants, Plaintiff suffered damages, including but not limited to, mental and emotional distress, severe humiliation, experiencing low credit expectancy, ruined credit reputation, tampered credit file, prolonging an important purchase, and limiting the Plaintiff's ability to provide their family needs.

Case 1:23-cv-00673-PAE-SLC   Document 18   Filed 03/30/23   Page 3 of 7

## V. FIRST CLAIM OF RELIEF

### 15 U.S.C § 1681b

### (Defendants Experian and Transunion)

20. Defendants Experian and Transunion have violated 15 U.S.C § 1681b in that they failed to confirm/certify if Amsher Collections had legal or lawful authority to procure the Plaintiff's consumer report.

21. Defendants Experian and Transunion also failed to confirm/certify if the report was going to be used in accordance with Federal law and the Constitution.

22. Defendants Experian and TransUnion have caused injury in fact, by causing mental and emotional distress, damage to credit rating and resulting in credit damage to Plaintiff.

23. Defendants Experian and TransUnion have done so either negligently and/or willfully.

24. Defendants Experian and Transunion is liable to the Plaintiff for actual damages, punitive damages, court costs pursuant to 15 U.S.C § 1681n and actual damages, court fees and costs pursuant to 15 U.S.C § 1681o.

## VI. SECOND CLAIM FOR RELIEF

### 15 U.S.C § 1681i(a)(2)

### (Defendants Experian and Transunion)

25. Defendants Experian and Transunion have violated 15 U.S.C § 1681i(a)(2) in that they failed to consider and forward all relevant information to the furnishers of information.

26. Defendants Experian and TransUnion have caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damage to Plaintiff.

27. Defendants Experian and TransUnion have done so either negligently and/or willfully.

28. Defendants Experian and Transunion is liable to the Plaintiff for actual damages, punitive damages, court costs pursuant to 15 U.S.C § 1681n and actual damages, court fees and costs pursuant to 15 U.S.C § 1681o.

## VII. THIRD CLAIM FOR RELIEF

### 15 U.S.C § 1681i(a)(4)

### (Defendant Experian and TransUnion)

29. Defendants Experian and TransUnion have violated 15 U.S.C § 1681i(a)(4) in that they failed to delete information that was inaccurate or could not be verified.

30. Defendants Experian and TransUnion have in fact caused injury to Plaintiff by causing mental and emotional distress, damage to credit rating, and resulting in credit damages to Plaintiff.

31. At all times alleged herein, Defendants Experian and Transunion acted negligently and/or willfully.

32. Defendants Experian and TransUnion are liable to the Plaintiff for actual damages, punitive damages, court costs pursuant 15 U.S.C § 1681n and actual damages pursuant to 15 U.S.C § 1681o.

## VIII. FOURTH CLAIM FOR RELIEF

### 15 U.S.C § 1681i(a)(5)

### (Defendants Experian and Transunion)

33. Defendants Experian and Transunion have violated 15 U.S.C § 1681i(a)(5) in that they (i) failed to reinvestigate the Capital one, Victoria secret, and Amsher Collections accounts on Plaintiff's consumer report, (ii) failed to find it to be inaccurate, and (iii) failed to promptly notify all accounts that the information has been modified.

34. Defendants Experian and TransUnion have caused injury in fact, by causing mental and emotional distress, damage to credit rating, and resulting in credit damage to Plaintiff.

35. Defendants Experian and TransUnion have done so either negligently or willfully.

36. Defendants Experian and Transunion is liable to the Plaintiff for actual damages, punitive damages, court costs pursuant to 15 U.S.C § 1681n and actual damages, court fees and costs pursuant to 15 U.S.C § 1681o.

## IX. FIFTH CLAIM FOR RELIEF

### 15 U.S.C § 1681i(a)(6)(a)

### (Defendant Transunion)

37. Defendant TransUnion has violated 15 U.S.C § 1681i(a)(6)(a) in that they failed to provide a written notice to the Plaintiff of the results of a reinvestigation by the 5 business days after the completion of the reinvestigation.

38. Defendant Experian has in fact caused injury to Plaintiff by causing mental and emotional distress, damage to credit rating, and resulting in credit damages to Plaintiff.

39. Defendant Experian acted negligently and/or willfully.

40. Defendant Experian is liable to the Plaintiff for actual damages, punitive damages, court costs pursuant to 15 U.S.C § 1681n and actual damages, court fees and costs pursuant to 15 U.S.C § 1681o.

## X. SIXTH CLAIM FOR RELIEF

### 15 U.S.C § 1681i(a)(6)(b)(iii)

### (Defendant Experian)

41. Defendants Experian and TransUnion has violated 15 U.S.C § 1681i(a)(6)(b)(iii) in that they failed to have a procedure to prevent giving inaccurate information upon reinvestigation.

42. Defendant Experian has caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and resulting in credit damages to Plaintiff.

43. Defendant Experian acted negligently and/or willfully.

44. Defendant Experian is liable to the Plaintiff for actual damages, punitive damages, court costs pursuant to 15 U.S.C § 1681n and actual damages, court fees and costs pursuant to 15 U.S.C § 1681o.

## XI. SEVENTH CLAIM FOR RELIEF

### 15 U.S.C § 1681i(a)(7)

### (Defendant Experian)

45. Defendant Experian has violated 15 U.S.C § 1681i(a)(7) in that they failed to provide a notice/written description of the procedures used to determine the accuracy and completeness of the disputed information when requested.

46. Defendant Experian has caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and resulting in credit damages to Plaintiff.

47. Defendant Experian acted negligently and/or willfully.

48. Defendant Experian is liable to the Plaintiff for actual damages, punitive damages, court costs pursuant to 15 U.S.C § 1681n and actual damages, court fees and costs pursuant to 15 U.S.C § 1681o.

## XII. EIGTH CLAIM FOR RELIEF

### G.B.S § 380-s

### (Defendants Experian and Transunion)

49. Defendants Experian and Transunion have violated G.B.S § 380-s in that they failed to gain consent from the Plaintiff to obtain, possess, transfer, or use services in their name.

50. The Defendants have in fact caused injury to the Plaintiff by causing mental and emotional distress, a tampered credit file, interference with the Plaintiff's dispute process and resulting in credit damage to Plaintiff.

51. Defendants Experian and Transunion acted negligently and/or willfully.

52. Defendants Experian and Transunion is liable to the Plaintiff for actual damages, punitive damages, court costs pursuant to G.B.S § 380-L and actual damages, court fees and costs pursuant to G.B.S § 380-M.

## XIII. NINTH CLAIM FOR RELIEF

### 18 U.S.C § 1028(a)(7)

### (Defendants Experian and Transunion)

53. Defendants Experian and Transunion have violated 18 U.S.C § 1028(a)(7) in that they knowingly [transferred] [possessed] [used] a means of identification of the Plaintiff without lawful authority in connection with mail fraud.

54. The use of the means of identification of the Plaintiff was transported in the mail and or affected commerce between one state and [an]other state[s].

55. The Defendants have in fact caused injury to the Plaintiff by causing mental and emotional distress, a tampered credit file, interference with the Plaintiff's dispute process and resulting in credit damage to Plaintiff.

56. Defendants Experian and Transunion acted negligently and/or willfully.

### XIV. TENTH CLAIM FOR RELIEF

### 18 U.S.C § 1028A

### (Defendants Experian and Transunion)

57. Defendants Experian and Transunion have violated 18 U.S.C § 1028A in that they knowingly [transferred][possessed][used] without legal authority a means of identification of another person, the Plaintiff.

58. the Defendants knew that the means of identification belonged to a real person, the Plaintiff.

59. The Defendants did so during and in relation to mail fraud.

60. The Defendants have in fact caused injury to the Plaintiff by causing mental and emotional distress, a tampered credit file, interference with the Plaintiff's dispute process and resulting in credit damage to Plaintiff.

61. Defendants Experian and Transunion acted negligently and/or willfully.

### XV. ELEVNTH CLAIM FOR RELIEF

### 18 U.S.C § 1341

### (Defendants Experian and Transunion)

62. Defendants Experian and Transunion have violated 18 U.S.C § 1341 in that they have engaged in a scheme to deprive the Plaintiff of the intangible right of honest services.

63. The scheme involved material misstatements sent to the Plaintiff and the companies involved in the investigation which resulted upon completion in the loss of honest services.

64.The Defendants used the U.S. mail in furtherance of the scheme.

65. The Defendants have in fact caused injury to the Plaintiff by causing mental and emotional distress, a tampered credit file, interference with the Plaintiff's dispute process and resulting in credit damage to Plaintiff.

66. Defendants Experian and Transunion acted negligently and/or willfully.

## XIV. PRAYER FOR RELIEF

Wherefore, Plaintiff ERISA MOORE respectfully requests entry of judgement in favor of Plaintiff and against Defendant for:

a. Actual or statutory damages pursuant to 15 U.S.C § 1681n(a)(1)(A), 15 U.S.C § 1713, 12 U.S.C § 5565, and G.B.S § 380-L.
b. Actual damages pursuant 15 U.S.C § 1681o(a)(1), 15 U.S.C § 1713, 12 U.S.C § 5565 and G.B.S § 380-M.
c. Plaintiffs request the sum of $1,000,000 to account for all claims stated and for such other and further relief as the court may deem just and proper

Respectfully submitted,

By: ERISA MOORE

347-479-7096

ErisaMoore16@gmail.com