UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERISA MOORE,

                                    Plaintiff,

                  -v-

EXPERIAN *and* TRANSUNION,

                                    Defendants.

23 Civ. 673 (PAE) (SLC)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

On November 7, 2022, *pro se* plaintiff Erisa Moore commenced this action in New York

state court against defendants Experian and TransUnion, claiming "Defamation of Character"

through an "Inaccurate Consumer report." Dkt. 1, Ex. 1 ("Complaint") at 2. On January 26,

2023, defendants removed the case to this Court. Dkt. 1. On January 27, 2023, the Court

referred this case to the Honorable Sarah L. Cave, United States Magistrate Judge, for general

pretrial purposes. Dkt. 5.

On March 6, 2023, defendants moved to dismiss the Complaint under Federal Rules of

Civil Procedure 12(b)(6) and 12(c). Dkt. 13. On March 30, 2023, rather than opposing

defendants' Motions, Moore filed a Proposed Amended Complaint ("PAC"), which would assert

proposed claims under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* ("FCRA"), as

well as identity theft and fraud under various federal and state criminal statutes. Dkt. 18.

Because Federal Rule of Civil Procedure 15(a)(1) barred Moore from amending without leave of

the Court or consent of the parties, Judge Cave construed the PAC as a motion to amend the

Complaint. Dkt. 19.

Before the Court is Judge Cave's October 13, 2023 Report and Recommendation, recommending that the Court grant defendants' motion to dismiss under Rule 12(b)(6), deny Moore's motion to amend under Rule 15, and deny leave to amend. Dkt. 25 ("Report"). Moore has not objected or otherwise responded to the Report. The Court incorporates by reference the summary of the facts provided therein. For the following reasons, the Court adopts this recommendation.

## DISCUSSION

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950 (KPF), 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)); *see also, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

As no party has submitted objections to the Report, review for clear error is appropriate. Careful review of Judge Cave's thorough and well-reasoned Report reveals no facial error in its conclusions; the Report is therefore adopted in its entirety. Because the Report explicitly states that "failure to object within fourteen (14) days will result in a waiver of objections and will preclude appellate review," Report at 21, the parties' failure to object operates as a waiver of appellate review. *See Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008) (citing *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)).

## CONCLUSION

For the foregoing reasons, the Court accepts and adopts Judge Cave's Report in its entirety.  The Court grants defendants' motion to dismiss under Rule 12(b)(6), denies Moore's motion to amend under Rule 15, and denies leave to amend.  The Court dismisses this action with prejudice.  The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: October 30, 2023
      New York, New York