UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERISA MOORE,<br><br>                     Plaintiff,<br><br>-v-<br><br>EXPERIAN and TRANSUNION,<br><br>                     Defendants. | CIVIL ACTION NO. 23 Civ. 673 (PAE) (SLC)<br><br>**OPINION & ORDER** |

**SARAH L. CAVE**, United States Magistrate Judge.

## I. BACKGROUND

On October 13, 2023, the undersigned issued a Report and Recommendation recommending that Defendants' respective motions to dismiss the Amended Complaint of Plaintiff Erisa Moore ("Ms. Moore") be granted. (ECF No. 25 (the "R&R")). On October 31, 2023, the Honorable Paul A. Engelmayer adopted the R&R, granted Defendant's motions to dismiss, and dismissed the Amended Complaint. (ECF No. 27). On November 1, 2023, judgment was entered accordingly and the case was closed. (ECF No. 28). On November 6, 2023, after Ms. Moore requested that the Court consider her untimely objections to the R&R, Judge Engelmayer issued an Order rejecting Ms. Moore's objections and reiterating that the case remains closed. (ECF No. 30).

Before the Court is Ms. Moore's November 7, 2023 request that the Court seal documents she previously filed at ECF Nos. 18-1, 18-2, 18-3, 18-4, 18-6, and 31 (the "Subject Documents"). (ECF No. 32 (the "Request")). Five of the Subject Documents are exhibits Ms. Moore filed as attachments to the Amended Complaint (ECF Nos. 18-1 – 18-4, 18-6), and one document is a

letter Ms. Moore filed to the attention of Judge Engelmayer requesting that the Court excuse her failure to timely file objections to the R&R (ECF No. 31). Ms. Moore argues that the Subject Documents "expos[e] extremely sensitive information," include "an extremely personal letter to the judge," and contain "settlement details." (ECF No. 32). Ms. Moore also asserts that the Subject Documents contain credit disclosures, her address, and her social security number. (Id.)

## II. DISCUSSION

In this Circuit, there is a "long-established general presumption in favor of public access to judicial documents." Chigirinskiy v. Pachenkova, 319 F. Supp. 3d 718, 736 (S.D.N.Y. 2018); see Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119 (2d Cir. 2006) (defining "judicial documents" as documents "relevant to the performance of the judicial function and useful in the judicial process").[1] Documents that, as here, form part of the pleadings, are judicial documents to which a "strong" presumption of public access applies. See, e.g., Kim v. BTG Pactual Asset Mgmt. US, LLC, No. 22 Civ. 3547 (RA), 2022 WL 4115955, at *1 (S.D.N.Y. Sept. 9, 2022), citing Bernstein v. Bernstein Litowitz Berger & Grossmann LLP, 814 F.3d 132, 139–40 (2d Cir. 2016) and Lugosch, 435 F.3d at 121. Moreover, because Ms. Moore herself filed the Subject Documents publicly—and five of the six have remained public for eight months—the Court "has no ability to make private that which has already become public." Chigirinskiy, 319 F. Supp. 3d at 739, citing Gambale v. Deutsche Bank AG, 377 F.3d 133, 144 (2d Cir. 2004) (once "[t]he genie is out of the bottle," the Court does "not [have] the means to put the genie back"); see Jin v. Choi, No. 20 Civ. 9129 (MKV) (SDA), 2021 WL 3159808, at *1 (S.D.N.Y. June 17, 2021) (finding "that any privacy interest in the documents Plaintiff seeks to seal is undermined by the fact that the

---

[1] Internal citations and quotation marks are omitted from case citations unless otherwise indicated.

documents have been available on the public docket for at least one month, and in several cases close to four or five months").

To the extent that Ms. Moore seeks to seal the Subject Documents to prevent disclosure of personal identifying information including her address, phone number, email address, or social security number, that contention is without merit. While two of the documents contain the last four digits of Ms. Moore's social security number (ECF Nos. 18-3 at 5–6; 18-6 at 11, 18), that information is properly maintained on the public docket. See Fed. R. Civ. P. 5.2(a)(1). Further, although the Subject Documents contain Ms. Moore's home address, phone number, and email address, that information is also available in the body of the Complaint and on the public case docket for this matter and a prior case Ms. Moore brought against Capital One Bank, and therefore do not warrant an exception from the sealing standards articulated by the Second Circuit in Gambale and Lugosch.

Five of the Subject Documents, however, contain private, sensitive credit information— including account numbers and balances—that should be protected from public disclosure. (ECF Nos. 18-1 –18-4, 18.6). Thus, "sealing, however belated, is justified." Jin v. Choi, 2021 WL 3159808, at *1. Indeed, Defendant Experian sought to seal a similar document that it filed in connection with its motion to dismiss that contained similar information, and the Court granted that request. (ECF Nos. 20, 23). This exception does not apply to the document filed at ECF No. 31, which does not contain sensitive financial information.

Accordingly, the Request is GRANTED IN PART and DENIED IN PART. The Clerk of Court is respectfully directed to seal the documents filed at ECF No. 18-1, 18-2, 18-3, 18-4, and 18-6, such that they are visible only to the parties and the Court.

Dated: New York, New York
November 9, 2023

_____
**SARAH L. CAVE**
**United States Magistrate Judge**

4